UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODIS WILLIAM CHENAULT,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN RAMON POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 15-cv-03662-SK<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Regarding Docket No. 38 |

This matter comes before the Court upon consideration of City of San Ramon's motion for summary judgment. Having carefully considered the parties' papers, relevant legal authority, the record in the case, and having had the benefit of oral argument, the Court hereby GRANTS Defendant's motion for the reasons set forth below.

**BACKGROUND**

Plaintiff's action arises out of a traffic stop that occurred on October 9, 2013. (Dkt. 1, ¶ 8.) Plaintiff alleges that he was driving through the City of San Ramon with his wife, when he was stopped by police officers and asked for his vehicle registration, despite the fact that his car was properly registered and the registration tag was displayed on the car's rear license plate. (*Id.,* ¶ 9.) The officers advised Plaintiff that they were "'randomly' conducting traffic stops to check vehicle registrations." (*Id.,* ¶ 11.) Plaintiff and his wife were detained while another San Ramon Police Department vehicle arrived, containing two more officers. (*Id.,* ¶12.) Plaintiff maintains that he and his wife were detained without legal justification or excuse for 15-30 minutes by the four officers, which caused Plaintiff to suffer "severe emotional distress damages, including but not limited to feeling racially targeted to such an extent that he and his wife relocated from the City of San Ramon to the City of Berkeley." (*Id.,* ¶¶ 12, 13.)

**PROCEDURAL HISTORY**

Plaintiff alleged four counts against the City of San Ramon, the San Ramon Police Department, and John Does Numbers 1 through 4, arising under 42 U.S.C. § 1983. Specifically, Plaintiff alleged:

Count I, violation of 42 U.S.C. § 1983 against the City of San Ramon and the San Ramon Police Department for violation of Plaintiff's Fourth Amendment rights;

Count II, violation of 42 U.S.C. § 1983 against Does 1 through 4 for violating Plaintiff's Fourth Amendment rights;

Count III, violation of 42 U.S.C. § 1983 against the City of San Ramon and the San Ramon Police Department for violating Plaintiff's Fourteenth Amendment rights; and

Count IV, violation of 42 U.S.C. § 1983 against Does 1 through 4 for violating Plaintiff's Fourteenth Amendment rights. (Dkt. 1.)

Defendants City of San Ramon and the San Ramon Police Department brought a motion to dismiss which was heard in October 2015. (Dkt. 14.) The Court granted the motion to dismiss without leave to amend as to the San Ramon Police Department. (Dkt. 20.) The Court granted the motion to dismiss with leave to amend those claims stated in Counts I, III, and IV, but the Plaintiff failed to amend the pleadings within the prescribed time. Defendant filed its answer on December 7, 2015. (Dkt. 22.) In light of the dismissals and failure to amend the Complaint, the only remaining claim involves Count II against "John Does Numbers 1 through 4," alleging violation of Plaintiff's Fourth Amendment right "to be free from unreasonable searches and seizures." (Dkt. 1, ¶ 17.)

**ANALYSIS**

**A.      Applicable Legal Standard on Motion for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

1  "In considering a motion for summary judgment, the court may not weigh the evidence or make
2  credibility determinations, and is required to draw all inferences in a light most favorable to the
3  non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

4  The party moving for summary judgment bears the initial burden of identifying those
5  portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue
6  of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient
7  evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby,
8  Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case.
9  *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of
10 persuasion at trial, that party must produce evidence which either negates an essential element of
11 the non-moving party's claims or that party must show that the non-moving party does not have
12 enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan
13 Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

14 Once the moving party meets his or her initial burden, the non-moving party must go
15 beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a
16 genuine issue for trial." Fed. R. Civ. P. 56(e). In order to make this showing, the non-moving
17 party must "identify with reasonable particularity the evidence that precludes summary judgment."
18 *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a
19 genuine issue of material fact must take care to adequately point a court to the evidence precluding
20 summary judgment because a court is "not required to comb the record to find some reason to
21 deny a motion for summary judgment." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d
22 1026, 1029 (9th Cir. 2001) (citation omitted). If the non-moving party fails to point to evidence
23 precluding summary judgment, the moving party is entitled to judgment as a matter of law.
24 *Celotex*, 477 U.S. at 323.

25 **B.    Defendant's Motion for Summary Judgment.**
26     **1.    42 U.S.C. § 1983 Claims.**
27 Section 1983 provides a claim against "any person who, under the color of state law,
28 abridges rights unanimously created by the Constitution or laws of the United States." *Crowley v.*

*Nevada,* 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Here, Plaintiff asserts that Does 1 through 4 violated his Fourth Amendment right to be free from unreasonable searches and seizures. (Dkt. 1, ¶ 17.) Defendant argues that Plaintiff's failure to name the individual officers as defendants is fatal to the claims.

**2.     Doe defendants are disfavored, but permitted through the initial review stage.**

The Ninth Circuit disfavors the use of Doe defendants. *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980). However, Doe defendants may be necessary where the plaintiff states a valid claim but needs discovery to identify the proper defendant. *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999). While "the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage," the burden is on plaintiff to discover the full name of each Doe defendant and "provide that information to the court in an amendment to his complaint that explains what each person did or failed to do that caused a violation of his constitutional rights." *Garcia v. City of Santa Clara,* 2010 WL 3447666, *1 (ND Cal. 2010). Summary judgment is warranted where sufficient time has passed to conduct reasonable discovery, identify the defendants and amend the complaint, with no attempt by plaintiff to amend the complaint and name the defendants. *Garcia ex rel. Estate of Acosta-Garcia,* 428 Fed.Appx. 706, 708-09 (9th Cir. 2011); *Gangstee v. County of Sacramento*, 2012 WL 112650, *1, fn.1 (E.D. Cal. 2012).

**3.     Plaintiff was provided a sufficient opportunity to amend his complaint.**

In its order regarding the motion to dismiss, this Court specified allegations missing in the Complaint that are requirements for a valid cause of action, e.g., that Plaintiff was the subject of discrimination or racial profiling. The Order also advised Plaintiff that must allege discriminatory intent or motive to establish that he was the subject of discrimination and that Defendants behaved in a discriminatory manner while acting under the color of law. (Dkt. 20, p. 4.) The Court granted Plaintiff leave to amend his complaint, but Plaintiff not do so within the ten-day period provided

4

by this Court and as a result, abandoned his opportunity to pursue those claims.

As to Count II, the Court denied Defendant's request to dismiss, stating: **"**The Court finds the identity of the 'Doe' Defendants is a proper subject for discovery and is not subject to dismissal at this stage of the pleadings." (*Id.,* p. 5.)   Now that discovery has closed, Defendant moves for summary judgment based on Plaintiff's failure to amend and name or substitute in place of Does 1 through 4.

In opposition to this motion for summary judgment, Plaintiff claimed that there were four officers involved in his detention, and that "Plaintiff was hoping, even up to the final day of the discovery period, that the true names of the additional officers would have been revealed by Defendant." (Dkt. 39, p. 8.)  Referring to this Court's prior order, counsel also argues that while the identity of the Doe defendant was a proper subject for discovery, the Court failed to provide a "formal deadline" for amending his pleadings and therefore he should be given leave to amend at this stage in the litigation. (*Id.*, p. 6.)  However, the scheduling order entered on January 13, 2016, provided Plaintiff until July 20, 2016 to complete non-expert discovery and provided a dispositive motion deadline of September 7, 2016.  (Dkt. 27.)  Plaintiff had ten months from the date of the determination of the motion to dismiss to conduct discovery and amend his complaint.  (Dkt. 20.)  Ten months was sufficient time to accomplish the both tasks.  It was the job of Plaintiff's attorney to be aware of the deadlines in the scheduling order and prosecute his client's claims.

Moreover, Defendant provided Plaintiff with information that could have been the springboard for Plaintiff's discovery.  In its Rule 26 disclosures dated January 12, 2016, Defendant included the full name of an officer involved in pulling over the Plaintiff, Officer Chris Bruce. (Dkt. 38-1, Ex. C.)  Likewise, Plaintiff disclosed Officer Bruce in his own disclosures of January 13, 2016.  (*Id.*, Ex. D.)  At oral argument, Plaintiff conceded that Defendants provided that information.

Despite receiving this information, Plaintiff did not amend his complaint to substitute Officer Bruce as a Doe defendant, nor did Plaintiff depose Officer Bruce to determine the names of any other officer who was involved in detaining Plaintiff on the evening in question.  Now, with discovery closed and the summary judgment motion fully briefed, Plaintiff asks for time to

ascertain the names of Does 1 through 4 and amend his complaint.

Defendants argue that allowing Plaintiff to proceed would cause substantial prejudice to any officer named as a Doe defendant, since discovery has closed and the case is set for trial. Given that Defendants provided the information to Plaintiff – the name of Officer Bruce – that allowed Plaintiff to amend the complaint, and given that Plaintiff took no action to amend and participate in no discovery to determine the identity of any other Doe defendants, allowing Plaintiff to continue this litigation is not justified.

Plaintiff's counsel represented at oral argument that he is a sole practitioner overwhelmed by the demands of legal practice. Although this Court is sympathetic to those demands, this Court cannot ignore the prejudice to Defendants if this case were to proceed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS City of San Ramon's motion for summary judgment and judgment shall issue in favor of Defendant.

**IT IS SO ORDERED**.

Dated: September 8, 2016

_____
SALLIE KIM
United States Magistrate Judge